IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RAMEY STEVENS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-1303 |
| | § | |
| GREAT SOUTHWESTERN | § | |
| CONSTRUCTION, INC. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.

### INTRODUCTION

Plaintiff Ramey Stevens ("Plaintiff") files this Original Complaint against Defendant Great Southwestern Construction, Inc. ("Defendant").

### II.

### PARTIES

1. Plaintiff is an individual and a citizen of Wood County, Texas.

2. Defendant is a corporation organized under the laws of the state of Colorado with its principal place of business located at 1100 Topeka Way, Castle Rock, CO 80104. Defendant may be served with process, including summons and a copy of this lawsuit, by serving its Registered Agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III.

### JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under federal law.

### IV.

### VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County.

5. Tarrant County lies within the Fort Worth Division of the Northern District of Texas, as set forth in 28 U.S.C. § 124(a)(1)/124(c)(3).

### V.

### BACKGROUND FACTS

6. Plaintiff worked as an Operator for Defendant from November 28, 2018 until August 28, 2020. Plaintiff was injured at work on May 5, 2020 and placed on light duty for 60 days. After that 60 days on light duty, Plaintiff was sent home allegedly because Defendant could no longer accommodate his restrictions from the injury.

7. Plaintiff requested 12 weeks of FMLA leave beginning July 6, 2020. Defendant determined that Plaintiff was eligible for FMLA leave, and Plaintiff returned the required FMLA paperwork to Defendant.

8. Plaintiff's physician placed restrictions on his ability to work; however, according to Defendant's Job Analysis, those restrictions could have been accommodated. In fact, the foreman of Plaintiff's crew, Plaintiff's direct supervisor, wanted to accommodate his restrictions

and assigned him work according to the restrictions. Defendant refused to allow the foreman to assign Plaintiff a light duty position available within the foreman's crew.

9. Defendant's Vice President said he did not want animosity within the crew because of Plaintiff's accommodations. Instead of accommodating Plaintiff's disability, Defendant accommodated the feelings of Plaintiff's co-workers. However, Plaintiff has known the foreman for more than 40 years, so there would be no reason for animosity because the crew was understanding of Plaintiff's restrictions, and the foreman had already expressed his willingness to accommodate Plaintiff.

10. Plaintiff was terminated on August 28, 2020 during Plaintiff's FMLA leave. Defendant told Plaintiff he was terminated because they did not have enough work for Plaintiff. That reason was untrue because Plaintiff was replaced after his termination by someone with no experience, and the company is still hiring for the Operator position.

## VI.

## CAUSES OF ACTION

A. **Second Cause of Action—FMLA Discrimination**

11. Plaintiff incorporates each of the foregoing paragraphs.

12. Defendant terminated Plaintiff's employment while he was on leave that should have been covered by the Family and Medical Leave Act.

13. Defendant's actions violated 29 U.S.C. § 2615.

## VII.

## DAMAGES

14. Plaintiff incorporates each of the foregoing paragraphs.

15. Defendant's actions violated 29 U.S.C. § 2615, which, pursuant to 29 U.S.C. § 2617, entitles Plaintiff to recover from Defendant any wages, salary, employment benefits, or other compensation denied or lost.

16. Plaintiff is entitled to recover liquidated damages from Defendant, equal to the amount awarded to Plaintiff as wages, salary, employment benefits, or other compensation denied or lost, pursuant to 29 U.S.C. § 2617(a)(1)(iii).

17. Plaintiff seeks all damages available to him under federal law.

## VIII.

## ATTORNEYS' FEES AND COSTS

18. Plaintiff incorporates each of the foregoing paragraphs.

19. Plaintiff retained the services of undersigned counsel to prosecute his claims.

20. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees and costs.

## IX.

## JURY DEMAND

21. Plaintiff demands a trial by jury.

## X.

## CONCLUSION AND PRAYER

22. Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

    A.    Wages, salary, employment benefits, or other compensation denied or lost as determined by the jury;

    B.    Liquidated damages equal to the amount determined by the jury in subsection (A) above;

    C.    Reasonable attorneys' fees and expert fees;

      D.      Courts costs;

      E.      Pre-judgment and post-judgment interest at the rate set by law; and

      F.      All legal or equitable relief this Court deems proper.

Respectfully submitted,

*/s/ Jamie J. Gilmore*
Jamie J. Gilmore
State Bar No. 24045262
jgilmore@galyen.com
Brittney L. Thompson
State Bar No. 24104618
bthompson@galyen.com
**BAILEY & GALYEN**
1300 Summit Avenue, Suite 650
Fort Worth, Texas 76102
Telephone: 817-276-6000
Facsimile: 817-276-6010
**ATTORNEYS FOR PLAINTIFF**